NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EDIS ALEXI BERTOTTY-DAVILA, AKA<br>Edis Alexis Bertotty-Davila,<br><br>Defendant - Appellant. | No. 23-1850<br><br>D.C. No.<br>4:23-cr-00136-SHR-BGM-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted January 22, 2025**

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Edis Alexi Bertotty-Davila appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bertotty-Davila contends that the district court procedurally erred by (1) presuming the reasonableness of the applicable Guidelines range and attributing more weight to the Guidelines range than other sentencing factors, (2) failing to consider and address the 18 U.S.C. § 3553(a) factors and his arguments in mitigation, and (3) failing to explain the sentence adequately. Contrary to Bertotty-Davila's argument, his general objection at sentencing was insufficient to preserve these claims. *See United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008). We therefore review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The district court did not plainly err. It properly treated the undisputed Guidelines range as the "starting point and initial benchmark," and gave appropriate weight to the range as one among several § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Moreover, the court expressly stated that it had considered Bertotty-Davila's sentencing arguments, and its remarks at sentencing make clear why it selected the low-end sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Finally, Bertotty-Davila has made no effort to show a reasonable probability that he would have received a different sentence in the absence of the alleged procedural errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Bertotty-Davila also contends that his sentence is unreasonable because the

Guidelines range resulted from an undue 10-level enhancement for an old conviction. Our review of the record, however, reflects that the district court did not abuse its discretion in its treatment of Bertotty-Davila's serious criminal history; it imposed a substantively reasonable sentence in light of the totality of the circumstances and the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Bertotty-Davila's motion for judicial notice is denied. The government's motion to strike is unnecessary; we have not considered the appendix or any argument premised on the appendix.

**AFFIRMED.**